# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | |
|---|---|
| **PENNY TILLMAN, individually and as Administrator of the ESTATE OF TIMOTHY TILLMAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY and TITUS TRANSPORT HOLDINGS, LLC,**<br><br>**Defendants.** | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Metropolitan Life Insurance Company ("MetLife") and Titus Transport Holdings, LLC ("Titus") (collectively, "Defendants") hereby jointly file this Notice of Removal of this case from the Circuit Court of Clark County, Kentucky, Case No. 20-CI-00064, where it is currently pending, to the United States District Court for the Eastern District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claims against Defendants invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.*  As an alternative basis, this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the plaintiff and defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendants respectfully show the Court as follows:

1. Plaintiff Penny Tillman instituted a civil action against Defendants in the Circuit Court of Clark County, Kentucky, on January 30, 2020.  True and correct copies of the Complaint and Summonses, which are all of the pleadings, process, and orders served upon Defendants in the Circuit Court action, are attached hereto as Exhibits A and B.

2. The Kentucky Secretary of State received Plaintiff's Complaint and Summons, as agent for service of process for Titus, on February 5, 2020, and forwarded to Titus by letter dated February 6, 2020.  Plaintiff's Complaint was served upon the CT Corporation System, as agent for service of process for MetLife on February 4, 2020.  Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by any Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question

jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4. The United States District Court for the Eastern District of Kentucky is the federal judicial district embracing the Circuit Court of Clark County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(a) and 1441(a).

## FEDERAL QUESTION JURISDICTION

1. In her Complaint, Plaintiff alleges that she was the beneficiary of her husband Timothy Tillman's ("Decedent") Supplemental Life insurance coverage offered by his employer, Titus, and issued by MetLife. *See* Compl. at 2-3 (¶¶ 7-8, 14). Based on an alleged denial of the Supplemental Life insurance benefits, Plaintiff seeks payment of the Supplemental Life benefits, punitive damages, consequential damages, inconvenience damages, financial damages, emotional distress damages, attorney's fees, interest, and any and all other relief to which she is entitled. *See* Compl. at 3-7 (¶¶ 17-18, 32, 36-38, 41-43, 49-52, "Wherefore" paragraph).

2. MetLife issued Group Policy No. KM 05940691-G (the "Policy") to Titus to insure the Basic and Supplemental Life and Accidental Death components of Titus's welfare benefit plan (the "Plan"), which is an "employee welfare benefit plan" under ERISA, 29 U.S.C. § 1002(1). Plaintiff alleges that she was a

beneficiary under the Plan based on Decedent's employment with Titus and his designation of her as beneficiary under the Plan. *See* Compl. at 2-3 (¶¶ 7-8, 14)). A copy of the Supplemental Life Booklet is attached hereto as Exhibit C. It includes additional information expressly referencing ERISA and providing a statement of participant's rights under ERISA. *See* Exhibit C at 74-80.

       3.      Although Plaintiff's claim for benefits is couched in the language of a state-law contract and tort action, the United States Supreme Court has held that where Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Milby v. Liberty Life Assur. Co.*, 102 F. Supp. 3d 922, 927 (W.D. Ky. 2015). Indeed, the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA for loss or denial of employee benefits is one area where Congress intended to provide for complete or super preemption of state law claims. *Taylor*, 481 U.S. at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable). Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. "Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the

4

United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants[.]" *Id*. at 67. Therefore, when a plaintiff is seeking relief that could have been brought under § 1132, such as Plaintiff here, that action is completely preempted by ERISA. *Davila,* 542 U.S. at 210.

4. In this action, it is abundantly clear that Plaintiff's claims are completely preempted by ERISA as her Complaint seeks to recover benefits under the ERISA-governed Plan, as well as other damages allegedly resulting from the administration of that Plan. *See* Compl. at 4-7 (¶¶ 26-52, "Wherefore" paragraph).

5. For the foregoing reasons, Plaintiff's claims seek to recover benefits and enforce rights under an ERISA plan. This Court therefore has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## DIVERSITY JURISDICTION

6. Plaintiff alleges that she is a resident and citizen of Kentucky. *See* Compl. at 2 (¶ 2).

7. MetLife is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York. Pursuant to 28 U.S.C. § 1332(c)(1), MetLife is a citizen of the State of New York. MetLife is

not now, and was not at the time of the filing of the Complaint, a citizen or resident of the Commonwealth of Kentucky within the meaning of the Acts of Congress relating to the removal of cases.

8. Titus is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), Titus is a citizen of the State of Texas. Titus is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the Commonwealth of Kentucky within the meaning of the Acts of Congress relating to the removal of cases.

9. This action is therefore between citizens of different states, thus establishing complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a).

10. Defendants deny that they breached the insurance policy or violated Kentucky law. Nonetheless, in evaluating whether subject-matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy."

11. Plaintiff alleges that MetLife's actions constitute breach of contract, bad faith, and violations of the Kentucky Unfair Claims Settlement Practices Act. *See* Compl. at 4-6 (¶¶ 26-43). Plaintiff also alleges that Titus's actions constitute misrepresentation and breach of fiduciary duty. *See* Compl. at 6-7 (¶¶ 44-52). Due

6

to this alleged conduct, Plaintiff demands the Supplemental Life benefits from both Defendants, as well as punitive damages, consequential damages, inconvenience damages, financial damages, emotional distress damages, attorney's fees, and interest from MetLife.  *See* Compl. at 7 ("Wherefore" paragraph).

12. Although Defendants maintain that the Supplemental Life coverage never became effective under the terms of the Plan, Decedent had elected Supplemental Life coverage of $150,000.  Therefore, the alleged Supplemental Life benefits Plaintiff seeks are alone $150,000.  Consequently, the amount in controversy exceeds the $75,000.00 jurisdictional threshold set forth by 28 U.S.C. § 1332 and satisfies the amount in controversy requirement for diversity jurisdiction.[1]

## **MISCELLANEOUS**

13. A copy of this Notice of Removal is being filed with the Circuit Court of Clark County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

14. Along with this Notice of Removal, Defendants will tender to the Clerk of this Court the funds necessary to secure removal.

---

[1] Because federal question jurisdiction clearly exists due to ERISA preemption, diversity merely supplies additional grounds for this Court's exercise of jurisdiction.  However, if the Court deems necessary, MetLife can supplement its motion regarding diversity jurisdiction.

15. This Notice of Removal is filed within thirty (30) days after receipt by Defendants of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

16. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

17. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

18. If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present a brief and argument in support of their position.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Metropolitan Life Insurance Company and Titus Transport Holdings, LLC, by and through their undersigned counsel, pray that the above action currently pending against them in the Circuit Court of Clark County, Kentucky, be removed to this Court.

Respectfully submitted this 2nd day of March 2020.

>	*/s/ William B. Wahlheim, Jr.*
> William B. Wahlheim, Jr.
> Braxton S. Thrash
> [applications for admission *pro hac vice* to be filed]
> Maynard, Cooper & Gale, P.C.
> 2400 Regions/Harbert Plaza
> 1901 Sixth Avenue North
> Birmingham, Alabama 35203
> (205) 254-1000
> *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 2nd day of March 2020:

    Philip G. Fairbanks
    Bartley K. Hagerman
    MEHR, FAIRBANKS & PETERSON
    TRIAL LAWYERS, PLLC
    201 West Short Street, Suite 800
    Lexington, Kentucky 40507
    Telephone: 859-225-3731
    Facsimile: 859-225-3830
    Email: pgf@austinmehr.com
    Email: bkh@austinmehr.com
    *Attorneys for Plaintiff*

                                      */s/ William B. Wahlheim, Jr.*
                                      OF COUNSEL