# Exhibit A

| AOC-E-105    Sum Code: CI |  | Case #: **20-CI-00064** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **CLARK** |
| Court of Justice    Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **TILLMAN, PENNY VS. METROPOLITAN LIFE INSURANCE COMPANY, ET A,** *Defendant*

TO: **CT CORPORATION SYSTEM**
    **306 WEST MAIN STREET, SUITE 512**
    **FRANKFORT, KY 40601**

Memo: Related party is METROPOLITAN LIFE INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**METROPOLITAN LIFE INSURANCE COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Martha M. Miller* (signature)
Clark Circuit Clerk
Date: 1/30/2020

Presiding Judge: HON. BRANDY O. BROWN (625387)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: 220382615655363@00000125514
CIRCUIT: 20-CI-00064 Certified Mail
TILLMAN, PENNY VS. METROPOLITAN LIFE INSURANCE COMPANY, ET A



Page 1 of 1

**eFiled**

COMMONWEALTH OF KENTUCKY
CLARK CIRCUIT COURT
CIVIL DIVISION
CASE NO. _____
*Electronically Filed*

PENNY TILLMAN, individually and as
Administrator of the ESTATE OF TIMOTHY
TILLMAN                                                              PLAINTIFF

vs.     **COMPLAINT AND JURY DEMAND**

METROPOLITAN LIFE INSURANCE COMPANY                 DEFENDANTS

    **Serve:**
    CT Corporation System
    306 West Main Street, Suite 512
    Frankfort, Kentucky 40601

TITUS TRANSPORT HOLDINGS, LLC

    **Serve through Secretary of State:**
    Any Officer or Director
    Titus Transport Holdings, LLC
    7400 FM 2449
    Ponder, TX 76259

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff Penny Tillman, individually and as Administrator of the Estate of Timothy Tillman, and for her Complaint against Defendants Metropolitan Life Insurance Company and Titus Transport Holdings, LLC, states as follows:

1. This is an action to recover life insurance benefits due to Plaintiff Penny Tillman, as beneficiary of the life insurance coverage on the life of her husband, Timothy Tillman.

2. Penny Tillman is a citizen and resident of Clark County.

Package:000003 of 000010
Presiding Judge: HON. BRANDY O. BROWN (625387)
Package : 000003 of 000010

3. Defendant Metropolitan Life Insurance Company ("MetLife") is an insurance company formed and operating in the state of New York, where it is a citizen and resident. It can be served through its service of process agent, CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

4. Defendant Titus Transport Holdings, LLC ("Titus") is a corporation believed to be organized in the state of Texas, where it is a citizen and resident. It can be served through the Secretary of State at Titus Transport Holdings, LLC, 7400 FM 2449, Ponder, TX 76259.

5. Titus conducts business within Kentucky and employs individuals in Kentucky.

6. Jurisdiction and venue are proper in this Court because benefits are due to Penny Tillman in Clark County, Defendants have communicated with Ms. Tillman in Clark County, and Defendants have adjusted the insurance claim of Ms. Tillman in Clark County.

7. Timothy Tillman was an employee of Titus and/or one of its affiliates or subsidiaries, working at a location in Winchester, Kentucky.

8. Through his employment with Titus, Timothy Tillman purchased insurance coverage and became insured with Defendant MetLife for Life and Supplemental Life insurance coverage.

9. On information and belief, Titus bought and/or acquired Mr. Tillman's prior employer, Save-A-Lot, on or about August 2018.

10. During his time with Save-A-Lot, Mr. Tillman elected and purchased Supplemental Life coverage.

11. Mr. Tillman maintained his Supplemental Life coverage after Save-A-Lot was bought or acquired by Titus.

12. Timothy Tillman passed away on January 31, 2019.

13. At the time of his death, Timothy Tillman was covered for Life and Supplemental Life insurance coverage with MetLife.

14. Penny Tillman is the beneficiary of Timothy Tillman's Life and Supplemental Life coverage.

15. Ms. Tillman contacted MetLife and Titus with respect to her claims for Life and Supplemental Life benefits in a timely manner following Timothy Tillman's death.

16. MetLife assigned claim number 21902003730 to the file.

17. MetLife has denied Ms. Tillman's claim for Supplemental Life insurance benefits.

18. On February 27, 2019, MetLife alleged in a letter to Penny Tillman, "the Supplemental Life Insurance benefit that he elected never became effective, and was not inforce [sic] on the date of death."

19. Ms. Tillman made a number of inquiries to Titus both before and after MetLife's denial of Supplemental Life benefits.

20. Those inquiries included requests for applicable insurance policies and documents related to Timothy Tillman's life insurance coverages.

21. Titus has not given complete response to the requests for information and documents.

22. Timothy Tillman's death satisfies the insurance policy's definitions and conditions for payment of Supplemental Life benefits.

23. No exclusions in the insurance policy apply.

24. Titus represented to Timothy Tillman that he would be covered, through MetLife, with Supplemental Life insurance by nature of being an employee and having elected that coverage.

25. However, according to MetLife, Mr. Tillman's Supplemental Life coverage was not in effect on the date of his death.

## Count I: Performance of the Contract and Breach of Contract

26. Plaintiff hereby incorporates all allegations asserted in the preceding paragraphs.

27. The insurance policy and/or insurance certificate insuring Timothy Tillman for Supplemental Life coverage is a contract.

28. Under that contract, MetLife is obligated to pay claims resulting from death.

29. MetLife should be required to perform under the insurance contract and to pay the Supplemental Life benefits owed to Penny Tillman.

30. MetLife has breached its insurance contract by refusing to pay Supplemental Life benefits, despite the proof that Timothy Tillman's death was covered under the terms of the contract.

31. Penny Tillman has and will continue to be damaged by MetLife's breach of contract.

32. As a result of MetLife's failure to perform under the contract and MetLife's breach of contract, Penny Tillman has suffered damages covered by the insurance contract, as well as consequential damages.

## Count II: Violation of the Unfair Claims Settlement Practices Act

33. Plaintiff hereby incorporates all allegations asserted in the preceding paragraphs.

34. MetLife has a duty to act in good faith and deal fairly with Plaintiff.

35. MetLife has violated the Unfair Claims Settlement Practices Act (hereinafter "UCSPA") as set forth in KRS 304.12-230, because MetLife has (i) misrepresented pertinent facts or insurance policy provisions relating to coverages at issue; (ii) failed to acknowledge and act reasonably promptly upon communications with respect to a claim arising under the

insurance policy; (iii) failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (iv) refused to pay claims without conducting a reasonable investigation based upon all available information; (v) did not attempt in good-faith to effectuate prompt, fair, and equitable settlement of claims for defense costs and any associated indemnity costs when such obligation to pay for costs had become reasonably clear; (vi) compelled Plaintiff to institute litigation to recover amounts due under the insurance policy; and (vii) failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts and applicable law for denial of the claim.

36. As a direct and proximate result of the aforesaid unfair, deceptive, and intentional acts of MetLife, Plaintiff has suffered inconvenience, emotional distress, and financial damages, all in an amount in excess of the jurisdictional limits of this Court.

37. MetLife has violated KRS 304.12-235, which entitles Plaintiff to recover attorney's fees, costs, and interest.

38. Plaintiff is entitled to recover punitive damages against MetLife for its violations of the UCSPA.

### Count III – Bad Faith

39. Plaintiff hereby incorporates all allegations asserted in the preceding paragraphs.

40. The aforesaid conduct of MetLife constitutes bad faith and a breach of its duty to act in good faith and to deal fairly with Plaintiff as provided by common law.

41. As a direct and proximate result of MetLife's bad faith, Plaintiff has been damaged as set forth above in this complaint.

42. MetLife lacked a reasonable basis for its denial of the claim, knew there was no reasonable basis for such position, and acted with reckless disregard for whether such a basis existed.

43. Plaintiff is entitled to recover punitive damages because MetLife has acted towards Plaintiff with reckless disregard for her rights, and with gross negligence.

### Count IV – Misrepresentation and breach of fiduciary duty claims against Titus and failure to produce copies of documents

44. Plaintiff hereby incorporates all allegations asserted in the preceding paragraphs.

45. Titus represented to Timothy Tillman that he would be covered by MetLife for Supplemental Life insurance if he died.

46. Contrary to the representations of Titus, MetLife has alleged that Mr. Tillman was not in fact covered at the time of his death.

47. Titus has and has assumed a fiduciary duty to advise employees such as Timothy Tillman about the benefits it makes available.

48. Titus breached its duties by representing that Timothy Tillman would be covered if certain terms and conditions were met while MetLife alleges Mr. Tillman was not in fact covered.

49. As a result of Titus's misrepresentations and breaches of fiduciary duty, Plaintiff has been damaged.

50. Titus should, in equity, be estopped from denying benefits.

51. Plaintiff seeks damages and/or the remedies of estoppel, surcharge, waiver and disgorgement of profits.

52. Titus has failed to fully respond to Plaintiff's requests for copies of documents relevant to the claim for benefits, and as a result, Plaintiff seeks penalties and damages as allowed by law.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Judgment against MetLife for performance under and breach of the insurance contract for payment of Supplemental Life benefits, consequential damages, inconvenience damages, financial damages, emotional distress damages, statutory interest at 12%, attorney's fees, and any other damages caused by MetLife for violation of the Unfair Claims Settlement Practices Act, common law bad faith, and other laws;

B. Judgment against MetLife for punitive damages;

C. Judgment against Titus for Supplemental Life benefits plus interest;

D. Judgment against Titus for damages and equitable relief as a result of its misrepresentations and breach of fiduciary duty, equitable estoppel, surcharge, waiver and disgorgement of profits;

E. Judgment against Titus for damages and penalties for failure to produce to Plaintiff pertinent documents;

F. Trial by jury on any issues triable; and

G. Any and all other relief to which Plaintiff appears entitled.

Respectfully submitted,

*/s/ Philip G. Fairbanks*
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
**Mehr, Fairbanks & Peterson
 Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
Email: pgf@austinmehr.com
Email: bkh@austinmehr.com

*Attorneys for Plaintiff*